State *v.* Stevens.

---

## STATE *v.* STEVENS.

This court will not ordinarily take cognizance of questions raised by the parties in a cause pending at a trial term, upon an agreed statement of facts, unless there is appended to the agreement an order, signed by the presiding judge, or attested by the clerk, reserving the questions for the consideration of the whole court, nor unless it appears, upon the case reserved, that some proceeding was had or moved at the trial term, to which the conclusions of law upon the agreed facts may be applied by an order from this court.

It is no ground of exception to an indictment for a simple assault, that in the preliminary complaint, required by the statute to give the Supreme Court jurisdiction, the respondent was charged with an assault with intent to kill.

Section 9, ch. 113, Rev. Stat., which enacts that any person found drunk in any street, alley, or other public place, shall be punished therefor, applies to the streets, alleys, or other public places, in the compact part of a city or village, and not to the common highways of the country.

| 59 | |
| --- | --- |
| 49 | 502 |
| 61 | 582 |
| 62 | 692 |
| 64 | 612 |
| 65 | 668 |

AN agreement was filed in the case at the. trial term, signed by the county solititor and the attorney for the respondent, setting forth that the indictment then pending against. the respondent was for a simple assault on one Locke ; that the complaint to the magistrate's court for the assault alleged an assault with intent to kill, and that the facts in the case were as follows : Locke was a police officer of the city of Concord, and arrested the respondent in the highway, without any precept against him, on the alleged ground that he was drunk and noisy. The place of the arrest was without the compact part of the city, and more than ten rods from any dwelling-house. Immediately on being seized by Locke, the respondent asked to be released, and, upon Locke's refusal, he struck him on the side of the head with a lantern, which is the assault alleged in the indictment. Upon this agreement being filed at the trial term, the case was entered upon the docket of the law term.

*Everett*, Solicitor, for the State.

*Rolfe & Marshall*, for the respondent.

SAWYER, J. This case, as presented to the court, consists merely of an agreed statement of facts, signed by the attorneys. It is an indictment for a criminal offence. There does not appear to have been a verdict, or trial, or even an arraignment, nor is it stated that there was a motion to quash, or other form of exception to the indictment ; nor that there was a proceeding of any kind in the cause, to which the facts stated and the law arising upon them, might have application. Some of the agreed facts are of a character to lead to the supposition that it was understood by counsel that they might perhaps furnish ground for a motion to quash, or for an exception in some other form to the sufficiency of the indictment, while others would seem to be understood as material only upon the trial of the merits by the jury.

This court can make no order for the disposition of the cause

upon the case thus presented, for the reason that no motion or other proceeding is stated to have been had, or is in any way proposed to be had, to which the order can apply.   It can only be understood that the facts have been agreed upon, as stated in the case, for the purpose of drawing from this court, in advance, an expression of their opinion upon the question whether the agreed facts can in any way be made available to the respondent, and if so, to what extent and in what manner ; whether by a motion to quash, to dismiss for want of jurisdiction, or in arrest of judgment, or by presenting the facts to the jury as a defence upon a trial of the merits.

It does not appear from the case even that it is one reserved by the judge presiding at the trial term for the consideration of the whole court.   It appears only that the attorneys have agreed to the facts stated ; and we are left to conjecture why the agreement was made, and to what purpose, connected with the indictment, any legal conclusions to be drawn from the facts as stated may be applied.   There is, regularly, no case before us, and the entry of the cause upon the docket of this court must be struck from it as a mis-entry.

An exceedingly loose and irregular course of proceeding is not unfrequently adopted in the transfer of cases to this court by agreement of parties.   No such case is to be considered as properly on the docket of this court, unless the order of the judge presiding in the court below, signed by him, or the certificate of the clerk of that court, attesting his order, is appended to the case ; nor unless the case shows some proceeding, had or moved in that court, upon which some question is or may be raised, to be seen from the case, and to which the conclusions of law arrived at upon the case may be specially applied by an order from this court.   It is no part of the business of the court to pronounce opinions upon abstract questions of law.   In the present case, however, the court will not decline to express their views upon the questions which it may be supposed were intended to be presented, as it is obvious this may conduce to a more speedy decision of the cause at the trial term.

It is understood that one question intended to be raised is, whether the indictment can be sustained, if, at the proper time and in the proper way, the exception should be taken that there is a substantial variance between the description of the assault, as charged in the indictment, and that set forth in the complaint made in the police court. In the case of *State* v. *Bean*, 36 N. H. *post.*, it was held that it is not to be presumed that a different offence was intended in the indictment from that charged in the preliminary complaint, because numerous circumstances of aggravation set forth in the complaint in describing the assault were omitted in the indictment. That case is decisive of any question that may be raised in this, upon the ground of such variance in the description of the offence. In reference to the question of the jurisdiction of the Supreme Court, a simple assault, described in the briefest terms, is to be considered the same offence as if described with all conceivable circumstances of aggravation. The statute requiring assaults first to be inquired into upon complaint to a magistrate or police court, before they can be the subject of indictment, was not intended to make two classes of assaults, one of which is within and the other without the jurisdiction of this court; but to make the jurisdiction in all cases of assault depend upon the fact that a preliminary examination has been had. Circumstances of aggravation may render it a different offence, in respect to the degree and nature of the punishment to be inflicted, but not in reference to the jurisdiction of this court. It is sufficient for this purpose if the assault has been inquired into upon complaint, and the respondent has been held to answer further, whether it shall be charged in the indictment as a simple or aggravated assault.

Another question is understood to be, whether the respondent at the time of the arrest was committing an offence against the police of the city of Concord; and this depends upon the question whether the provisions of sec. 9, ch. 113, Rev. Stat., are limited to the compact part of a city or village, or apply equally to the common highways of the country. The section is as follows : " If any person shall be found drunk in any street, alley,

or other public place, he shall be punished," &c. In *State* v. *Hall*, 22 N. H. 384, it was decided that the provisions of sec. 7 of this chapter, which prohibits the placing of certain obstructions " in any street, lane, alley, or public place," do not apply to the common highways, but to the streets, &c., in the compact part of a town. Many of the reasons suggested in that case, as the ground of the decision, apply with equal force to sec. 9. The use of the words " street " and " alley," excluding the more general term "highway," indicates that the public roads throughout the country were not intended, but the avenues of the compact part of the town ; and we think the same construction is to be given to this section as to section 11, limiting its application to the compact part of a city or village. Upon the facts stated, the arrest of the respondent was unauthorized. But whether this fact is or is not material, will depend upon the question whether, under the circumstances of the arrest, the respondent, in beating the officer upon the head with the lantern, exceeded the proper limits of lawful resistance to an unauthorized arrest. That question must be passed upon by the jury before the guilt or innocence of the respondent can be established.

The case must be dismissed from the docket of this court, and the cause stand upon the docket of the trial term for further proceedings there.